UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IRMA ALLEN,

        Plaintiff,

v.

RITE AID CORPORATION,

        Defendant.

Case No. 2:19-cv-556

**FILED ELECTRONICALLY**

## COMPLAINT

COMES NOW, Plaintiff Irma Allen ("Plaintiff"), by and through her undersigned counsel, and brings this complaint against Defendant Rite Aid Corporation ("Defendant"), and asserts as follows:

## INTRODUCTION

1. This is an action by Plaintiff against Defendant under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and its implementing regulations (the "ADA"), in connection with an accessibility barrier at Defendant's place of public accommodation, the Rite Aid pharmacy store located at 135 S. Market Street, New Wilmington, Pennsylvania 16142 (the "Facility").

2. The ADA was passed by Congress and signed into law by President H.W. Bush nearly thirty years ago primarily because "individuals with disabilities continually encounter various forms of discrimination, including… the discriminatory effects of architectural, transportation, and communication barriers… [and the] failure to make modifications to existing facilities." 42 U.S.C. § 12101(a)(5).

3. The ADA has been the central civil rights law protecting people with disabilities, a

group of Americans who are too often overlooked and undervalued. Like other civil rights laws, the purpose of the ADA is clear: the eradication of discrimination. As one legal scholar explained: "A single step in front of a store may not immediately call to mind images of Lester Maddox standing in the door of his restaurant to keep blacks out. But in a crucial respect they are the same, for a step can exclude a person who uses a wheelchair just as surely as a no-blacks-allowed rule can exclude a class of people." Samuel Bagenstos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 UCLA L. Rev. 1, 23 (2006).

4. Plaintiff Allen Irma is an individual with a mobility disability, which was brought on after she endured a stroke approximately three years ago, consequently resulting in the loss of use of the majority of the left side of her body. As a result, Plaintiff uses a wheelchair or motorized scooter for mobility, and, at all times relevant for purposes of this action, she has suffered from a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

5. The Facility is located close to Plaintiff's home and is her preferred pharmacy.

6. Because of a step at the front entrance of the Facility, Plaintiff cannot enter the pharmacy.

7. Plaintiff requested Defendant's voluntary compliance to remediate the access barrier by letters dated April 8, 2019 and April 30, 2019; however, Defendant has not responded to these letters nor has Defendant remediated the access barrier.

8. Accordingly, Plaintiff seeks declaratory and injunctive relief pursuant to Title III of the ADA, requiring Defendant to alter the Facility to make it accessible to individuals with disabilities.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

10. Plaintiff's claims asserted in this complaint arose in this judicial district and Defendant does substantial business in this judicial district.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

12. Plaintiff Irma Allen is and, at all times relevant hereto, was a resident of New Castle, Pennsylvania. As described above, as a result of her disability, Plaintiff Allen uses a wheelchair for mobility. She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

13. Defendant Rite Aid Corporation is a corporation organized under Delaware law, and is headquartered at 30 Hunter Lane, Camp Hill, Pennsylvania, and is the current owner and/or operator of the Facility.

14. The Facility is public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

15. Plaintiff resides in New Castle, Pennsylvania approximately three miles from Defendant's Facility in New Wilmington, Pennsylvania. It is approximately a five minute drive from Plaintiff's residence to the Facility.

16. Plaintiff has regularly shopped and filled her prescriptions at the Facility, including within the past month. However, because of a step at the front entrance of the Facility (*see* Figure 1 below), Plaintiff is unable to physically enter the pharmacy. Instead, she must rely

on someone else to enter and shop and/or fill prescriptions on her behalf, causing her frustration and humiliation.



*Figure 1 – Rite Aid, 135 S. Market Street, New Wilmington, PA*

17. There are no other publicly accessible or alternative means of entering the Facility.

18. The step at the front entrance of the Facility is an access barrier that denies Plaintiff's right to full and equal, non-discriminatory, and safe access to Defendant's goods, services, and facilities.

19. Plaintiff is and will be deterred from returning to and fully and safely accessing Defendant's Facility so long as the Facility remains non-compliant with the ADA's requirements for an accessible entrance.

20. Plaintiff notified Defendant and, on information and belief, the Facility's current landlord of the access barrier and its deterrent effect on Plaintiff, and requested the remediation of the barrier, by a demand letter sent on April 8, 2019.

21. After not receiving a response from Defendant, Plaintiff sent another demand letter on April 30, 2019.

22. As of the filing of this complaint, Plaintiff has not received a response to the demand letters from Defendant nor the landlord, and the Facility remains inaccessible.

23. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access the Facility, in violation of her rights under the ADA.

## CAUSE OF ACTION: VIOLATION OF THE ADA

24. The Facility is a public accommodation pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, and Defendant owns, operates, and/or controls the Facility.

25. The ADA and its implementing regulations define prohibited discrimination to include (i) the failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992 (28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv)); and (ii) for alterations to public accommodations made after January 26, 1992, the failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities (28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2)).

26. The Department of Justice, pursuant to 42 U.S.C. § 12186(b), has promulgated the ADA Accessibility Guidelines ("ADAAG") in implementing Title III of the ADA to provide public accommodations detailed specifications on how to make a facility readily accessible to the public. There are two active ADAAGs that set forth the technical requirements that a public accommodation must meet in order to be "readily accessible": the 1991 ADAAG Standards, 28 C.F.R. § pt. 36, App. D ("1991 Standards"), and the 2010 ADAAG Standards, 36 C.F.R. § pt. 1191, App. D ("2010 Standards").

27. Under both the 1991 Standards and the 2010 Standards, a public accommodation must provide an accessible route for the public to access the public accommodation.

28. Section 4.3.2(1) of the 1991 Standards states: "At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve."

29. Section 206.2.1 of the 2010 Standards states: "At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve."

30. Accessible routes that have vertical changes in height greater than ¼ inch are not permitted. Section 4.5.2, 1991 Standards; Section 303.2 and 403.4, 2010 Standards.

31. The access barrier described above demonstrates that Defendant has failed to provide an accessible route and failed to remove the access barrier.

32. Defendant has discriminated against Plaintiff by failing to make the Facility fully accessible to, and independently usable by, individuals with mobility disabilities, specifically because of the access barrier at the Facility's front entrance and Defendant's failure to remove the barrier.

33. Plaintiff has been, and continues to be, denied full and equal access to Defendant's goods, services, and facilities due to the access barrier present at the Facility.

34. Defendant's ongoing failure to provide Plaintiff full and equal enjoyment of the Facility constitutes unlawful discrimination on the basis of a disability in violation of 42 U.S.C. § 12182(a).

35. The ADA prohibits failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

36. On information and belief, Defendant has possessed sufficient control and authority, and has the financial resources, to remove the access barrier at issue, and such removal is and was readily achievable, technically feasible, and could be carried out without much difficulty or expense for Defendant.

37. Defendant's ongoing failure to remove the access barrier at the Facility constitutes unlawful discrimination in violation of the ADA.

38. Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

39. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and others with mobility disabilities.

40. Given that Defendant has not complied with the ADA's requirements to make the Facility fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes her statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA and its implementing regulations described above, in that the Facility, as described above, is not fully accessible to, and independently usable by, individuals with mobility disabilities;

  b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendant to take all steps necessary to remove the architectural barrier described above and to bring the Facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Facility is fully accessible to, and independently usable by, individuals with mobility disabilities;

  c. Payment of costs of suit;

  d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

  e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated:  May 10, 2019          Respectfully Submitted,


                   By: /s/ *R. Bruce Carlson*
                   R. Bruce Carlson
                   Kelly K. Iverson
                   Elizabeth Pollock Avery
                   **CARLSON LYNCH LLP**
                   1133 Penn Avenue, 5th Floor
                   Pittsburgh, PA 15222
                   Tel: 412-322-9243
                   Fax: 412-231-0246
                   bcarlson@carlsonlynch.com
                   kiverson@carlsonlynch.com
                   eavery@carlsonlynch.com

                   *Counsel for Plaintiff*